UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KEITH O. MORRISON,

        Plaintiff,

v.

STEVE VINE, et al.,

        Defendants.

**Report & Recommendation**
17-CV-996-LJV-HBS

---

### INTRODUCTION

  This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b). Pro se plaintiff Keith O. Morrison (plaintiff or Morrison) brings this civil rights action against defendants Steve Vine, Eric Heieck, and John VanSavage, all police officers employed by the City of Geneva New York Police Department. Morrison's claims arise from his arrest, prosecution, and conviction for the sale and possession of controlled substances. District Judge Vilardo's review of plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) resulted in an Order eliminating all claims alleged except Morrison's cause of action for malicious abuse of process against the defendants. See Docket # 6 at 9-10; Docket # 13 at 5 n.4.

  Currently before the Court is Defendants' motion "for an Order Dismissing plaintiff's complaint . . . pursuant to FRCP Rules 12 and 56 for failure to state a claim, and qualified immunity."

Docket # 27 at 1. Although the Court gave plaintiff two opportunities, Morrison failed to respond or otherwise object to the motion to dismiss what remains of his complaint. See Docket # 28, 31. Plaintiff's failure to respond to this motion, however, is not dispositive:

> Plaintiff's failure to respond to the motion to dismiss does not relieve the Court of its obligation to consider the merits of plaintiff's claims. "If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." McCall v. Pataki, 232 F.3d 321, 322 (2d Cir. 2000). The Court must determine whether, "accept[ing] the allegations contained in the complaint as true, and draw[ing] all reasonable inferences in favor of the non-movant," plaintiff has stated a facially valid claim. Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).

Arena v. Irondequoit Police Dep't, 228 F. Supp. 3d 242, 243 (W.D.N.Y. 2017).

## LEGAL STANDARD

In moving to dismiss, the defendants rely on both Rule 12 and Rule 56 of the Federal Rules of Civil Procedure as the vehicles for their motion, Docket # 26-1 at 1, and they have submitted several exhibits. Because the defendants are entitled to relief as a matter of law based solely on the pleadings, the Court will treat their motion as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). See Cruz v. AAA Carting &

Rubbish Removal, Inc., 116 F. Supp. 3d 232, 238 n.3 (S.D.N.Y. 2015).

A motion for judgment on the pleadings under Rule 12(c) is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). Wynn v. Uhler, 941 F. Supp. 28, 29 (N.D.N.Y. 1996). "Such motions assume the truth of a pleading's factual allegations and test only its legal sufficiency." McCall v. Pataki, 232 F.3d 321, 322-23 (2d Cir. 2000). "In deciding a motion for judgment on the pleadings, a court may consider the pleadings and attached exhibits, statements, or documents incorporated by reference, and matters subject to judicial notice." Life Prod. Clearing, LLC v. Angel, 530 F. Supp. 2d 646, 652 (S.D.N.Y. 2008).

## FACTUAL BACKGROUND

The following facts are taken from the amended complaint and, as set forth above, are presumed to be true. During the summer of 2016, Officer Vine was part of a team that was investigating plaintiff for illegal narcotics activity. As part of the investigation, police searched Morrison's apartment, which yielded only a "little bit of marijuana." Docket # 12 at 6. However, in order to justify the length and cost of the investigation, Vine, with the help of Heieck and VanSavage, falsely told press outlets

3

that police had discovered crack cocaine and heroin at Morrison's apartment. Morrison denies that he had crack cocaine or heroin at the apartment.

Morrison was later indicted on eight counts of criminal possession and sale of fentanyl and cocaine. See id. at 26-28. Morrison alleges that all three defendants induced the Ontario County District Attorney's Office to bring the fentanyl charges, even though he had not possessed or sold fentanyl. See id. at 10. Morrison believes that the defendants concocted those charges in order to "make themselves look good" to their superiors, the city, and the public and to justify what Morrison alleges were exorbitant investigative costs. See id. at 11. In October 2016, Morrison pleaded guilty to the charges related to his possession and sale of cocaine: one count of third-degree criminal sale of a controlled substance and two counts of third-degree criminal possession of a controlled substance.[1] See Docket # 26-7; see also Docket # 12 at 36.

Morrison brought this action in October 2017. As noted above, the only remaining claim is for malicious abuse of process against Defendants Vine, Heieck, and VanSavage. See Docket # 12, 13.

---

[1] Morrison does not appear to dispute that he pleaded guilty to those charges. See Docket # 12 at 36. In any case, the Court may take judicial notice of the plea hearing transcript. See Torres v. Vasta, No. 18-CV-8706, 2019 WL 4640247, at *6 n.6 (S.D.N.Y. Sept. 24, 2019) (collecting cases).

## DISCUSSION

<u>Qualified Immunity</u>: "Qualified immunity protects government officials from civil damages liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Jones v. Treubig</u>, 963 F.3d 214, 224 (2d Cir. 2020). "Thus, pursuant to the two-step framework articulated by the Supreme Court in <u>Saucier v. Katz</u>, [533 U.S. 194 (2001)], when an official raises qualified immunity as a defense, the court must consider whether: (1) the official violated a statutory or constitutional right, and (2) the right was clearly established at the time of the challenged conduct." <u>Id.</u> (internal quotation marks, citations, and ellipses omitted). "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." <u>Mullenix v. Luna</u>, 577 U.S. 7, 11 (2015). There need not be a "case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." <u>Id.</u> at 12. A qualified immunity defense may be raised on a Rule 12(c) motion, but the "defense will succeed only where entitlement to qualified immunity can be established based solely on facts appearing on the face of the complaint." <u>Barnett v. Mt. Vernon Police Dep't</u>, 523 F. App'x 811, 813 (2d Cir. 2013) (summary order) (internal quotation marks

5

omitted). "[B]ecause qualified immunity is not only a defense to liability, but also provides immunity from suit, an important part of its benefit is effectively lost if a case is erroneously permitted to go to trial; thus, the defendant's entitlement to qualified immunity should be resolved 'at the earliest possible stage in litigation.'" Lynch v. Ackley, 811 F.3d 569, 576 (2d Cir. 2016) (citing Pearson v. Callahan, 555 U.S. 223, 231-32 (2009)).

Qualified Immunity and Malicious Abuse of Process: The defendants argue they are entitled to qualified immunity on plaintiff's malicious abuse of process claim. Based on the facts as alleged in the complaint, the Court agrees.

"In New York, a malicious abuse-of-process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse of justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." Savino v. City of New York, 331 F.3d 63, 76 (2d Cir. 2003) (internal quotation marks omitted). "Malicious abuse of criminal process also supports liability under § 1983." Id. at 76-77.

The Second Circuit has noted "[t]here has been considerable confusion within our Circuit regarding whether probable cause is

6

a complete defense to a claim of abuse of process under New York law." Mangino v. Inc. Vill. of Patchogue, 808 F.3d 951, 958 (2d Cir. 2015). At issue in Mangino was whether qualified immunity applied to a code enforcement officer who issued criminal summonses to a landlord for various code violations relating to his rental units. See id. at 953-54. The code enforcement officer had probable cause to issue the tickets, but the plaintiff argued that the existence of probable cause did not preclude a claim for malicious abuse of process. Recognizing that the law was unsettled, the Mangino court held that the code enforcement officer was entitled to qualified immunity. See id. at 959. Indeed, the court held that the "very existence" of the confusion satisfied the purpose of qualified immunity – to provide protection from liability to government officials of "reasonable competence." Id. Thus, "[i]n the context of false arrest and malicious prosecution claims, an officer is entitled to qualified immunity if he had either probable cause or 'arguable probable cause.'" Dufort v. City of New York, 874 F.3d 338, 354 (2d Cir. 2017) (quoting Martinez v. Simonetti, 202 F.3d 625, 634 (2d Cir. 2000)). The Second Circuit has not resolved this legal uncertainty, so the issue remains unsettled. See, e.g., Pulk v. Winter, 722 F. App'x 36, 39 (2d Cir. 2018) (summary order) (declining to resolve question and granting qualified immunity to officer on malicious

7

abuse of process claim because "probable cause exist[ed]"); Jean v. Cty. of Nassau, No. 14-CV-1322, 2020 WL 1244786, at *10 (E.D.N.Y. Mar. 16, 2020).

This uncertain legal landscape pays tribute to the defendants' entitlement to qualified immunity in the present case. Morrison pleaded guilty to charges related to his possession and sale of cocaine. See Docket # 12 at 36. His guilty plea established probable cause for his criminal prosecution. See Sanders v. Williams, No. 14-CV-7210, 2015 WL 8073810, at *1 (S.D.N.Y. Dec. 4, 2015) (noting that plaintiff's guilty plea "established probable cause as a matter of law"); Houston v. City of New York, No. 06-CV-2094, 2013 WL 1310554, at *4 (E.D.N.Y. Mar. 28, 2013) ("[Plaintiff's] guilty plea establishes probable cause."); Anderson v. Cty. of Nassau, 173 F. App'x 53 (2d Cir. 2006) (summary order). Thus, consistent with Mangino, because (1) there was probable cause for the prosecution, and (2) it remains an open question in our circuit as to whether probable cause defeats a claim for malicious abuse of process, the defendants are entitled to invoke qualified immunity. See Mangino, 808 F.3d at 959 (defendant is entitled to qualified immunity because "it was not only officers of reasonable competence, but federal judges, who could so disagree").

8

Construing the complaint in the light most favorable to him, Morrison could argue that because he did not plead guilty to any charges relating to fentanyl, probable cause has not been established as to the fentanyl charges and thus he should be permitted to press his abuse of process claim to the extent it relates to those charges. Indeed, in his complaint, Morrison appears to specifically challenge his prosecution on the fentanyl charges, not the criminal prosecution more broadly. See Docket # 12 at 10 (alleging that Defendants "misled the District Attorney's Office into believing that [he] both possessed and sold Fentanyl on two (2) separate occasions — a complete and total falsehood" (emphasis in original)).

Nevertheless, even if probable cause had not been established as to the fentanyl charges, the defendants would still be entitled to qualified immunity. A defendant may only be liable for malicious abuse of process if he employs process "in order to obtain a collateral objective that is outside the legitimate ends of the process." Savino, 331 F.3d at 76. That is, the plaintiff must show "that [the defendant] aimed to achieve a collateral purpose beyond or in addition to his criminal prosecution." Id. at 77 (emphasis added). "In evaluating this element, the Second Circuit expressly distinguishes between a 'malicious motive' and an 'improper purpose'; only the latter suffices to meet the

9

'collateral objective' prong of the abuse of process standard." Hoffman v. Town of Southampton, 893 F. Supp. 2d 438, 448 (E.D.N.Y. 2012), aff'd, 523 F. App'x 770 (2d Cir. 2013); see also Roeder v. Rogers, 206 F. Supp. 2d 406, 414 (W.D.N.Y. 2002), aff'd, 58 F. App'x 879 (2d Cir. 2003)(stating that a "malicious motive, without more, does not give rise to" a malicious abuse of process claim).

For example, in Savino, the plaintiff could not sustain a claim for malicious abuse of process where he alleged that he was investigated and arrested to "seek vindication for the [defendants'] great political embarrassment and humiliation." Savino, 331 F.3d at 78. That allegation showed that the defendants "acted with an improper motive," but did not show that they "had an ulterior purpose or objective in facilitating his prosecution." Id. Put differently, no liability attaches where the process was "both issued and used for its intended purpose," even if the person obtaining such process did so through false claims or with a malicious motive. Silver v. Kuehbeck, 217 F. App'x 18, 21 (2d Cir. 2007) (summary order).

In this case, Morrison alleges that Defendants had an improper motive to pursue fentanyl charges - they wanted to obtain favorable publicity and justify the high costs of their investigation. But Morrison does not allege that they had an "ulterior purpose or objective" beyond the prosecution itself; rather, the defendants

10

facilitated the criminal prosecution for its <u>intended purpose</u>. <u>Savino</u>, 331 F.3d at 78. Other courts have rejected allegations similar to Morrison's. See, e.g., <u>Folk v. City of New York</u>, 243 F. Supp. 3d 363, 375 (E.D.N.Y. 2017) (police officers' interests in obtaining overtime, getting "credit for an additional arrest," and covering up domestic-violence incident did not amount to collateral objective); <u>Demaitre v. City of New York</u>, No. 18-CV-12403, 2020 WL 6048192, at *5-6 (S.D.N.Y. Oct. 11, 2020) (defendants' alleged purpose in bringing criminal charges against plaintiff — to secure positive publicity for, and deflect public attention from mismanagement of, correctional facility — did not constitute collateral objective).

Given this case law, it is questionable whether Morrison has even stated a claim for malicious abuse of process. However, at the very least, the defendants are entitled to qualified immunity, as the right to be free from malicious abuse of process under these circumstances — where Defendants initiated criminal charges in order to create favorable publicity and justify the costs of the investigation — was not clearly established.

In sum, the Court agrees with the defendants that they are entitled to qualified immunity on Morrison's claim for malicious abuse of process. Accordingly, it is my Report and Recommendation that the claim should be dismissed. Finally, Morrison should not

11

be given leave to further amend. He has already had an opportunity to amend his complaint, he does not request such relief, and he has not filed an opposition to the motion to dismiss. See Jarrach v. Sanger, No. 08-CV-2807, 2010 WL 2400110, at *10 (E.D.N.Y. June 9, 2010)(Rule 15(a)(2) does not require leave to further amend where "plaintiff has already amended her complaint once, has failed to oppose defendants' motions to dismiss or to request leave to again amend her complaint").

## CONCLUSION

For the reasons stated above, the Court recommends that Defendants' motion for judgment on the pleadings on grounds of qualified immunity (Docket # 27) be **GRANTED**.

_____
JONATHAN W. FELDMAN
UNITED STATES MAGISTRATE JUDGE

Dated:   Rochester, New York
         February 25, 2021

12

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with Rule 72(b)(2) of the Federal Rules of Civil Procedure.

The district court will ordinarily refuse to consider on de novo review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules of Civil Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

_____
Jonathan W. Feldman
United States Magistrate Judge

Dated:   February 25, 2021
         Rochester, New York